UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MARK BUENO,<br><br>    Petitioner,<br><br>  v.<br><br>SCOTT FRAUNEHEIM,<br><br>    Respondent. | No. 15-cv-00206-GEB-EFB<br><br>**ORDER GRANTING MOTION TO EXTEND TIME TO FILE A NOTICE OF APPEAL** |

    Petitioner John Mark Bueno, a state prisoner proceeding <u>in propria persona</u>, filed an untimely appeal from the judgment and moves for an order extending the time within which he could file a notice of appeal. Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge under Eastern District of California Local Rule 302 and 28 U.S.C. § 636(b)(1)(B). On December 15, 2016, the magistrate judge filed findings and recommendations, recommending denial of Petitioner's application for a writ of habeas corpus. ECF No. 17. The recommendation denying Petitioner's application for a writ of habeas corpus was adopted on February 24, 2017, and judgment was entered on the same date. ECF Nos. 20-21.

    Under Federal Rule of Appellate Procedure 4(a)(1)(A), Petitioner was required to file a notice of appeal "with the district [court] clerk within 30 days after entry of the judgment

1

or order appealed from," specifically, on or before March 27, 2017. However, Petitioner did not file a notice of appeal until April 20, 2017. ECF No. 23. He simultaneously moved to extend the time for filing the notice of appeal. ECF No. 22. Regardless of Petitioner's untimely notice of appeal, Federal Appellate Procedure Rule 4(a)(5) prescribes that even after the time for timely notice of appeal expires, it may be extended if a "party shows excusable neglect or good cause" for the untimely notice of appeal and moves within 30 days of the expiration.

The Ninth Circuit explains in <u>Pincay v. Andrews</u>, 389 F.3d 853 (9th Cir. 2004) (en banc), that when determining whether excusable neglect exists, factors to consider "include: (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith," <u>id.</u> at 855.

Petitioner contends he satisfies the excusable neglect standard, declaring that he "know[s] almost nothing about the law," and "did not know how to appeal a judgment, or . . . the time to file a notice of appeal." Decl. of Pet'r ¶ 2, ECF No. 22, at 2:6-7. Petitioner has shown that his filing

> delay was presumably the result of [his] carelessness and neglect . . . in determining the proper filing deadline. [Further], there is no evidence that Petitioner's delay in filing was the result of bad faith. Accordingly, a balancing of these factors militates in favor of finding excusable neglect and granting Petitioner's motion for an extension of time to file a notice of appeal.

2

De-Louis-Conti v. Evans, No. C 05-2245 SBA (pr), 2011 WL 175394, at *2 (N.D. Cal. Jan. 19, 2011).

Therefore, Petitioner's Motion for Extension to File a Notice of Appeal, ECF No. 22, is GRANTED; and Petitioner's Notice of Appeal, ECF No. 23, is timely filed. The Clerk of the Court shall send a copy of this Order to the Ninth Circuit.

IT IS SO ORDERED.

Dated: July 6, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge